In the Matter of WILCO PROPERTIES CORPORATION, Petitioner, *v.* DEPARTMENT OF ENVIRONMENTAL CONSERVATION OF THE STATE OF NEW YORK et al., Respondents.

Third Department, April 20, 1972.

*Schlusberg & Blatt (H. Andrew Schlusberg* of counsel), for petitioner.

*Louis J. Lefkowitz, Attorney-General (Francis J. Keehan, Ruth Kessler Toch* and *Stanley Fishman* of counsel), for respondents.

STALEY, JR., J. P. This is a proceeding under article 78 of the CPLR (transferred to the Appellate Division of the Supreme Court in the Third Judicial Department by order of the Supreme Court at Special Term, entered in Montgomery County) to review a determination of the Commissioner of the Department of Environmental Conservation of the State of New York, dated May 20, 1971, which ordered petitioner to repair and place in proper working order its sewage treatment facilities in accordance with approved plans and specifications, and, in the event petitioner failed to make such repairs by September 1, 1971, to immediately cease and abate all discharges of sewage and waste effluents from its property.

On or about March 25, 1970, the Department of Health of the State of New York brought a proceeding against petitioner alleging that petitioner was discharging sanitary sewage, industrial .wastes, and other waste effluents untreated, partially

treated, or inadequately treated into an unnamed tributary of Dove Creek in contravention of the standards adopted for such tributary and Dove Creek by the Water Pollution Control Board, and sought an order directing the abatement and cessation of such discharges and canceling, modifying or amending permits previously granted to petitioner to discharge effluents from its septic system. Petitioner's answer consisted of general denials and an affirmative defense that the Town of Amsterdam was planning a sewer-water district to alleviate the problem and that petitioner intended to participate in such system.

A hearing was commenced on May 13, 1970 at the Department of Health. On July 1, 1970 the functions and powers of the Department of Health pertaining to water pollution control were transferred to the Department of Environmental Conservation. (Environmental Conservation Law, § 77.)

On January 29, 1971 the hearing was resumed at the Department of Environmental Conservation resulting in a determination that petitioner had discharged untreated and improperly treated sewage into an unnamed tributary of Dove Creek in contravention of the standards established. By order dated May 20, 1971 the Commissioner ordered petitioner to upgrade, repair and put into proper working order its sewage treatment facilities in accordance with approved plans included in a permit approved by the Department of Health on July 15, 1965; that repair of such facilities be completed by September 1, 1971; and, in the event the petitioner failed to place such facilities into proper operation by September 1, 1971, that it shall immediately cease and abate all discharges of sewage and waste effluents from its property.

On or about June 28, 1971 petitioner brought this proceeding, pursuant to article 78 of the CPLR to review the determination of the Commissioner. The petition contains numerous allegations of failure of proof which fundamentally raise only the issue of whether there is substantial evidence in the record to support the determination of the Commissioner.

At the hearing an Assistant Sanitary Engineer in the Department of Environmental Conservation testified that he inspected the premises on three different occasions and observed, among other things, floating and settleable solids emanating from the outfall pipe of petitioner's septic system in the form of fecal matter and scraps of toilet paper and entering the tributary to Dove Creek; that downstream from the discharge pipe he observed brown to black sludge deposits and floating sewage particles; that, in his opinion, the appearance of settleable solids from the effluent pipe was indicative of the inability of the sand

filter in the septic system to remove these solids; and that he photographed an area of fresh septic sewage on the surface of the ground in the area of the primary sand filter which was about 2 to 3 feet wide and 10 to 15 feet long. He further testified that both the tributary and Dove Creek were classified "D" and were subject to water classification standards "D"; that class "D" water standards prohibit floating or soluble solids or sludge deposits; that, in his opinion, occurrence of readily visible settleable solids and sludge deposits would continue in the receiving stream; and, that during periods of high water flow, these deposits would be picked up and carried eventually into Dove Creek.

A witness for the petitioner testified that he had entered into an agreement for pumping out the septic system every two months effective May 1, 1970 and had pumped the system on May 1, 1970, and that he did not observe the sand filter or effluent pipe area. The Supervisor of the Town of Amsterdam testified that the town had entered into an agreement with the Environmental Facilities Corporation for the preparation of a preliminary study and survey for a town-wide sewage disposal system. Otherwise, witnesses for the petitioner testified that such a system was in the planning stages; that the schedule called for final plans on June 1, 1973; and that before construction could be commenced a referendum would be necessary.

On this record there is substantial evidence to support the determination of the Commissioner. The testimony is clear, convincing and unrebutted that petitioner discharged floating and settleable solids into the unnamed tributary of Dove Creek. The hearing officer was fully justified in determining that the basic cause for the pollution was the defective and malfunctioning septic system.

Petitioner's contention that there is no legal proof that Dove Creek or its tributary was classified as "D" is without merit. A hearing officer may take official notice of duly promulgated regulations of agencies of this State (10 NYCRR 76.10 [f]), and this court may also take judicial notice of the Official Compilation of Codes, Rules and Regulations of the State. (CPLR 4511, subd. [a].) Dove Creek is officially classified as class "D" (6 NYCRR 876.4), and its tributaries are also so classified (6 NYCRR 876.2 [h] [i]). The quality standards for class "D" waters are also officially established (6 NYCRR 701.3), and section 1225 of the Public Health Law provides that the minimum degree of treatment for the discharge of sanitary sewage into classified surface waters of the State is effective primary treatment which requires the removal of substantially all floating and

settleable solids. Petitioner has failed to comply with these requirements, and the Commissioner's order should be enforced. We have considered petitioner's remaining contentions and find the same without merit.

The determination should be confirmed, with costs to respondents.

COOKE, SWEENEY, SIMONS and KANE, JJ., concur.

Determination confirmed, with costs to respondents.